IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR213** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MICHAEL A. NORTON,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 60), and the Defendant's motion for variance (Filing No. 61). The government adopted the PSR (Filing No. 63). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant filed objections to the initial draft of the PSR. Therefore, some of the objections are now moot. The objections are discussed below.

### *¶¶ 4, 6 - Factual Matters*

These objections are denied as moot.

### *¶ 14 - Government's Version*

The Court is not at liberty to change the government's version of the offense. The Defendant had the opportunity to file a version of the offense, and none was filed. The objection is denied.

*¶ 16 - Agent's Statement*

The Court is not at liberty to change the case agent's statement. The objection is denied.

*¶¶ 17, 18, 29 - Number of Videos/Images*

The objection to the number of videos, which impacts the number of images, will be heard at sentencing. The government has the burden of proof by a preponderance of the evidence.

*¶¶ 25, 26, 27, 28, 29 - Enhancements*

The objections will be heard at sentencing. The nature of the objections is somewhat unclear. To the extent that the objections relate to case-specific information, the burden is on the government. To the extent that the objections are legal objections to the interpretation of the sentencing guidelines, the burden is on the Defendant. In either situation, the burden is by a preponderance of the evidence.

*¶ 40 - Prior Conviction*

The objection to the statement that the Defendant was sentenced to probation is denied. The conviction resulted in no additional criminal history points, and therefore the guideline range is not affected.

*¶ 76 - Departure*

The Defendant apparently objects to ¶ 76 rather than ¶ 73. The objection is denied because the Court is not at liberty to change the Probation Officer's opinion that no factors warrant a departure.

IT IS ORDERED:

1. The Defendant's objections to the PSR (Filing No. 60) are denied;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final;

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

5. The Defendant's motion for a variance (Filing No. 61) will be heard at sentencing.

DATED this 1st day of July, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge